a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ABDUL MUMUNI OSMAN, Petitioner | CIVIL ACTION NO. 1:17-CV-1472-P |
| VERSUS | UNASSIGNED DISTRICT JUDGE |
| ATTORNEY GENERAL, ET AL., Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Docs. 1, 5) filed by pro se Petitioner Abdul Mumuni Osman ("Osman") (#A209159036). At the time of filing, Osman was an immigration detainee in the custody of the Department of Homeland Security/U.S. Immigration and Customs Enforcement ("DHS/ICE"). Osman claims that his continued detention violates the rule announced in Zadvydas v. Davis, 533 U.S. 678 (2001).

Because Osman has been removed from the United States, his claim is moot, and his Petition (Docs. 1, 5) should be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

I. Background

Osman was ordered removed from the United States. (Doc. 5-1, p. 3). According to Osman, he did not appeal. (Doc. 1, p. 2). In an amended petition, Osman states he was informed by the Consulate of Ghana that travel documents would not

be issued because Osman's citizenship could not be verified. (Doc. 9). However, according to ICE, Osman was recently removed from the United States to Ghana.[1]

## II. Law and Analysis

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." Home Builders Ass'n of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted). Lack of subject matter jurisdiction may be raised at any time. See Giles v. Nylcare Health Plans, Inc., 172 F.3d 332, 336 (5th Cir. 1999). Because Osman is no longer in DHS/ICE custody, the Court cannot order his release. Osman's challenge to his post-removal-order detention is now moot.

## III. Conclusion

Because Osman has been removed from the United States, IT IS RECOMMENDED that the Petition for Writ of Habeas Corpus (Docs. 1, 5) be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned

---

[1] The ICE Online Detainee Locator Service indicates Osman is no longer in custody. The Court confirmed that Osman was removed on December 11, 2018.

is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 14th day of February, 2019.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge